Willie **HUNTER**, Jr.

v.

**CITY OF MONROE**, et al.

**Civ. A. No. 90–2031.**

United States District Court,
W.D. Louisiana,
Monroe Division.

Nov. 8, 1990.

Benjamin Jones, Jones & Smith, Monroe, La., for plaintiff.

Charles L. Hamaker, Monroe, La., Cynthia Y. Rougeou, Asst. Atty. Gen., Roy A. Mongrue, Jr., LA Dept. of Justice, Atty. Gen., Baton Rouge, La., for defendants.

## MEMORANDUM RULING AND ORDER

WALTER, District Judge.

Pending before this court is a motion to dismiss and for Rule 11 sanctions by defendants the City of Monroe (the City) and Robert E. Powell, the Mayor of Monroe (the Mayor). For reasons stated below, the motion is denied.

The City and the Mayor disclaim legal responsibility for the delayed submission of the proposed changes in the City Court elections for pre-clearance because the proposed changes were the result of action by the Louisiana Legislature rather than by the City itself. The City and the Mayor claim that because the City Courts are an arm of the State rather than an arm of the City, they were not responsible for making the submissions. This court disagrees.

The City and the Mayor mistake their lack of power and discretion in the *functioning* of the court for a lack of power in the election of members to that court. The City, and the Mayor as its chief executive officer, are responsible for seeing that all elections are properly conducted and that the City is in compliance with the requirements of the Voting Rights Act. They did have a duty to submit the proposed changes for pre-clearance, and, in fact, the City was finally the entity which made the submissions for pre-clearance to the Justice Department.

The cases cited by the City and the Mayor simply do not support the propositions for which they are cited. The City's lack of responsibility in tort actions and its lack of power in the functioning of the various

subdivisions of the State do not translate into a lack of responsibility for pre-clearance under the Voting Rights Act.

Although this court has found no cases which address this issue specifically, the case of *City of Rome v. United States*, 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980), does provide some guidance. In *City of Rome*, the Supreme Court held the city of Rome, Georgia, responsible for failure to pre-clear changes in its election procedures which had been legislated by the Georgia General Assembly. The City of Rome's responsibility for making the submissions and obtaining pre-clearance was not even questioned. By analogy, even though the City of Monroe did not enact the legislation responsible for the changes at issue in this suit, it was responsible for implementing those changes and was bound to uphold Federal law in so doing. Therefore, the City could not simply implement the changes without pre-clearing them and then rely on the fact that City Courts are subdivisions of the State rather than the City to immunize itself from liability for its failure.

Mayor Robert E. Powell, as the chief executive officer of the City of Monroe, was ultimately responsible for seeing that the City carried out its obligation to refrain from implementing the changes until pre-clearance had been obtained. He is therefore responsible for the City's failure to carry out its responsibility.

The City of Monroe and Mayor Robert E. Powell's motion to dismiss and for Rule 11 sanctions is DENIED. IT IS SO OR-DERED. THUS DONE AND SIGNED.